THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| H. RAY SHOUSE, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action |
| v. : | No. 5:06-cv-170 (CAR) |
| : | |
| RICKEY BLALOCK, et al., : | |
| : | |
| Defendants. : | |
| : | |

**ORDER ON MOTION TO REMAND**

This Court is liberally construing Plaintiff's pro se pleading entitled "Plaintiff's Objection to Defendants' Notice of Removal" [Doc. 7] as a Motion to Remand the case to the Superior Court of Peach County, where it was originally filed. Plaintiff filed this suit alleging claims related to the relocation of Plaintiff's mobile home to 1344 McDonald Drive, Peach County, Byron, Georgia. To the best of this Court's understanding, Plaintiff alleges that Peach County Planning and Rezoning Office approved Plaintiff's application for a mobile home permit. But, after Plaintiff moved his mobile home to Peach County, Defendants seemingly withdrew their approval, asking Plaintiff to move his home out of Peach County, citing the age of the home and contamination of the water well in the area as reasons for such withdrawal. Plaintiff claims that the aforementioned events violate his Eighth and Fourteenth Amendment rights. Because federal constitutional claims appeared on the face of the complaint, Defendants removed the case to federal court pursuant to 28 U.S.C. § 1441.

As an initial matter, this Court notes that removal was authorized in this case by the existence of a federal question in Plaintiff's Complaint. The federal removal statute, at 28 U.S.C. § 1441(b), permits the removal of any civil action over which a district court has original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States. Because Plaintiff's Complaint states claims for violations of rights arising under the United States Constitution, removal to federal court was proper.

Notwithstanding the fact that this case is properly in federal court, Plaintiff asks this Court to remand the case back to state court. At this stage of the proceedings, the Court is without power to grant such request. As previously mentioned, this Court has original jurisdiction over Plaintiff's claims because they arise under the United States Constitution. Although a district court must remand to the state court any case over which it lacks original jurisdiction (28 U.S.C. § 1447(c)), the removal and remand statutes do not give a district court discretion to remand matters over which it has original jurisdiction. Therefore, Plaintiff's Motion to Remand [Doc. 7] is **DENIED**.

In his Motion to Remand, Plaintiff suggests that he made a mistake in his complaint. He claims that he alleged violations of the United States Constitution when he really meant to allege violations of the Georgia State Constitution. If Plaintiff wishes to remove federal claims from his complaint, he must do so by filing an amendment to the original complaint with the Clerk of Court by November 15, 2005. In his amendment, Plaintiff must clearly articulate the legal theories that form the basis for his claims. If Plaintiff chooses to amend his complaint, this Court will reconsider its decision to deny remand upon a renewed motion from Plaintiff.

SO ORDERED, this the 27th day of October, 2006.

S/ C. Ashley Royal
C. ASHLEY ROYAL
United States District Judge

EHE/aeg