IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| H. RAY SHOUSE, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> RICKEY BLALOCK, et al., : <br> : <br> Defendants. : <br> ──────────────────────── : | Civil Action <br> No. 5:06-CV-170 (CAR) |

**ORDER ON PLAINTIFF'S MOTION TO AMEND THE COMPLAINT**

Before the Court is pro se Plaintiff Ray Shouse's Motion to Amend his Complaint [Doc. 14] pursuant to Rule 15(a) of Federal Rules of Civil Procedure. In it, Plaintiff requests leave from this Court to replace all references to the United States Constitution with references to the Georgia State Constitution. Defendants do not object to Plaintiff's request, but ask the Court to award them their costs and fees associated with removal as a condition to granting Plaintiff's request.

After review of the parties' arguments and the relevant authorities, the Court finds that Plaintiff may amend his complaint as requested. Accordingly, and for the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Amend his Complaint. The Court also finds that Plaintiff should not be assessed any of Defendants' costs and fees. Moreover, because Plaintiff's complaint destroys this Court's subject-matter jurisdiction, the action must be remanded to state court. Therefore, the Court **ORDERS** the Clerk of Court to **REMAND** this case to the Superior Court of Peach County.

-1-

**Amendment of the Complaint**

Through the present motion, Plaintiff seeks to amend his original complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure to replace all references to the United States Constitution with references to the Georgia State Constitution. Where, as here, a responsive pleading to the original complaint has been filed, "a party may amend the party's pleading only by leave of court." Fed. R. Civ. P. 15(a). Although the rule favors liberal amendment of pleadings, the text of the rule makes it clear that permission to amend is not to be given automatically, but is allowed only "when justice so requires." Id.; see also 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 1487 (2nd ed. 1990).

In deciding whether the leave to amend should be granted, federal courts follow the general standard originally enunciated by the Supreme Court in Foman v. Davis:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be freely given.

371 U.S. 178, 182 (1962) (internal quotation marks omitted).

Under the facts of this case, the Court finds that Plaintiff may amend his complaint as requested. Plaintiff asserts that, in his original complaint, he intended to allege violations of the Georgia State Constitution, rather than the United States Constitution. But, due to his limited knowledge of the law as a pro se Plaintiff, he mistakenly alleged violations of the United States Constitution. Keeping in mind the leeway afforded to pro se litigants and in the spirit of liberal federal pleading policies, the Court grants Plaintiff's request to amend his complaint.

## Assessment of Costs and Fees

Although Defendants do not object to Plaintiff amending his complaint, they request that, as a condition to granting Plaintiff's request to amend, the Court award them costs and fees associated with removal. The Court may, in the exercise of sound discretion, impose costs as a condition of granting leave to amend in order to avoid prejudice to the opposing party. Garfield v. NDC Health Corp., 466 F.3d 1255, 1271 (11th Cir. 2006).

The prejudice, in this case, however, is minimal and does not warrant the assessment of fees. As of today, Defendants have not engaged in any discovery. They have also not filed any dispositive motions. As such, Defendants' expenditure in this case amounts to nothing more than an expenditure they would have made to defend a motion to remand. Moreover, the Court is not willing to punish the pro se Plaintiff for his mistake.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's request to amend his complaint to replace all references to the United States Constitution with references to the Georgia State Constitution. The Court also finds that Plaintiff should not be assessed any of Defendants' costs and fees. Moreover, because Plaintiff's complaint destroys this Court's subject-matter jurisdiction, the action must be remanded to state court. Therefore, the Court **ORDERS** the Clerk of Court to **REMAND** this case to the Superior Court of Peach County.

**SO ORDERED,** this 11th day of January, 2007.

                                              S/ C. Ashley Royal
                                              C. ASHLEY ROYAL

                                                    UNITED STATES DISTRICT JUDGE

EHE/ssh